UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ONDRAONTAE WYRE                                                  CIVIL ACTION

VERSUS                                                           NUMBER: 14-1759

BOLLINGER SHIPYARDS, INC.                                        SECTION: "B"(5)

**ORDER AND REASONS**

On August 1, 2014, Plaintiff, Ondraonte Wyre, through counsel, filed the above-captioned employment discrimination complaint against Defendant, Bollinger Shipyards, Inc. (Rec. doc. 1). Subsequent to being served with a copy of the complaint, Defendant filed a motion for partial dismissal seeking the dismissal of Plaintiff's claims for gender and racial discrimination. (Rec. doc. 8). After the parties agreed to consent to proceed to trial before the undersigned pursuant to 28 U.S.C. §636(c), the Court heard argument on Defendant's opposed Rule 12(b)(6) motion and ultimately granted the motion on January 14, 2015, leaving as viable only Plaintiff's claim for sexual harassment. (Rec. docs. 11, 13, 16, 17, 19). In the meantime, a preliminary conference had been held at which trial, pre-trial conference, and attendant cut-off dates were established. (Rec. doc. 18). Defendant filed a formal answer to Plaintiff's complaint on January 28, 2015. (Rec. doc. 20).

On June 1, 2015, Plaintiff's counsel filed a motion to withdraw from this case, representing therein that they had been discharged by Plaintiff on May 22, 2015. (Rec. doc. 21). That motion was granted on June 2, 2015. (Rec. doc. 22). A copy of the order allowing the withdrawal was mailed to Plaintiff at the last known address that was provided by her former attorneys but was subsequently returned to the Court as undeliverable on June 12,

2015.  (Rec. doc. 23).  It has now been over 35 days since that piece of mail was returned to the Court as undeliverable and no address correction has been made by Plaintiff.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing  obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of a current ... postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. March 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007).  The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t  is incumbent upon litigants  to inform  the clerk of address changes, for it  is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Perkins v. King*, 759 F.2d 19  (5th  Cir.  1985)(table).[1/] Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order.  *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

---

[1/]  While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and *pro se* plaintiffs are still conducted primarily by mail.

As noted above, Plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1.  Without a means of communicating with Plaintiff in writing, the Court is unable to see this case to its conclusion.  The Court must therefore assume that Plaintiff has no further interest in prosecuting this matter.  As Plaintiff is proceeding *pro se*, this failure is attributable to her alone.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1 and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this  19th  day of                July               , 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE